**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 20, 2022
Decided September 21, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| No. 21-3380<br><br>UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>*v.*<br><br>DONTE SWINTON,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:20-cr-00314-JMS-TAB<br><br>Jane Magnus-Stinson, *Judge.* |

**O R D E R**

Donte Swinton pointed an assault rifle at a police officer and soon found himself in custody. He was prosecuted under 18 U.S.C. §922(g)(9) on the theory that his conviction of a state domestic-battery crime prohibits him from possessing firearms. The district court accepted a conditional plea of guilty and sentenced him to 46 months' imprisonment plus 2 years' supervised release.

The condition in Swinton's plea allows him to argue that the state offense is not a misdemeanor crime of domestic violence for the purpose of §922(g)(9). The state statute, Ind. Code §35-42-2-1.3(a)(2), covers any person who knowingly or intentionally "in a rude, insolent, or angry manner places any bodily fluid or waste on a family or household member." Swinton observes that this statute penalizes spitting during a domestic

argument and contends that spitting is not a "violent" act as the phrase "violent felony" in 18 U.S.C. §924(e)(1) was understood in *Johnson v. United States*, 559 U.S. 133 (2010). *Johnson* says that, to be "violent", a crime must entail "force capable of causing physical pain or injury" (559 U.S. at 140). Spitting causes psychological rather than physical injury, and Swinton contends that this state law does not satisfy *Johnson*'s standard.

His problem is that §922(g)(9) and §924(e)(1) are different statutes, which the Supreme Court has interpreted differently. *United States v. Castleman*, 572 U.S. 157 (2014), holds that a state law establishes a "misdemeanor crime of domestic violence" for the purpose of §922(g)(9) if it forbids an unconsented touching, even without direct application of physical force. A dissenting opinion in *Castleman* argued that §922(g)(9) should be treated just like §924(e)(1); the majority rejected that position. Swinton relies on the dissenting opinion in *Castleman*, but we must follow the majority's decision.

Swinton tries to distinguish *Castleman* on its facts, but the Justices did not issue an opinion good for one set of facts only. They established the meaning of a phrase ("misdemeanor crime of domestic violence") in a federal statute. The meaning given to that phrase in *Castleman* leads inexorably to the conclusion that Ind. Code §35-42-2-1.3(a)(2) establishes a misdemeanor crime of domestic violence.

This conclusion makes it unnecessary to discuss any of the other issues debated in the parties' briefs.

AFFIRMED